## O. W. Rosenthal and J. B. Cornell, trading as O. W. Rosenthal & Company, Defendants in Error, v. August Turner, Plaintiff in Error.

### Gen. No. 20,239.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

## Statement of the Case.

Action by O. W. Rosenthal and J. B. Cornell, co-partners, trading as O. W. Rosenthal & Company, against August Turner to recover an amount claimed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to be due for general work of alterations and repairs to a certain building, for which an architect's certificate was issued in the sum of $452.68.

The contract under which the work was performed contained, among others, the following provisions:

"In consideration whereof, the said party of the first part agrees to pay to the said party of the second part the sum of seventeen hundred and forty-nine and 22/100 ($1749.22) dollars, upon the presentation of certificates signed by said architects. Said certificates, however, in no way lessening the total and final responsibility of the party of the second part. * * *

"It is especially understood and agreed, that the amounts to be paid from time to time shall in no case exceed 85 per cent. of the value of the work done, and material furnished; the remaining 15 per cent. of said value to be retained by said first party, as part security for the faithful performance hereof, and not be paid until the expiration of 30 days, after the perfect completion of said work and the payment of all claims for labor and material furnished, and when all the drawings and specifications have been returned to Holabird & Roche, architects. * * *

"And should any dispute arise between the parties hereto respecting the true construction to be followed in said drawings and specifications, or meaning thereof, the same shall be decided by said architects, Holabird & Roche, and their decision shall be final."

Plaintiff's Exhibit No. 1, the architect's certificate, is:

"William Holabird,
Martin Roche,
Edward A. Renwick.
          Holabird & Roche, Architects,
                    1618 Monadnock Block,
Mr. August Turner,
                    Chicago, Ill., July 19th, 1909.
No. 3     $452.68

This is to certify that O. W. Rosenthal & Company is entitled, under the terms of its contract, to the sum of four hundred and fifty-two and 68/100 dollars, as

part payment for general work of alteration and repairs to Great Northern & Merle & Heaney buildings at 14th Place & Sangamon street and shed at 14th Place and Morgan street, Chicago.

Contract .............. 1,749.22
Allowances ............ 139.
Total ................. 1,888.22
Deductions ............
Net amt. of contract.... 1,888.22

ENTERED
Holabird & Roche
per..F....

Former certificates..... 865.
Present      do    ..... 452.68
Balance ................ 567.54

1,888.22       1,888.22
Holabird & Roche, Architects.
Received payment, in full of the above certificate.
............................"

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for plaintiff in error; WADE W. MELOAN, of counsel.

CHARLES J. O'CONNOR and R. HAROLD O'CONNOR, for defendants in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 15*—*how construed as to payment.* Provision in contract for alterations on a building, that a certain percentage of the amount due was not to be paid "until the expiration of thirty days, after the perfect completion of said work," etc., *held* to refer only to the final payment which was to be retained as security for the faithful performance of the contract, and therefor inapplicable to other payments due under the contract.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when architect's certificate prima facie evidence.* Where a contract provided

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for the issuance of an architect's certificate and that payments were to be made to the extent of eighty-five per cent. of the value of the work as it progressed, in an action for the sum covered by a certificate stating on its face that it was issued under the terms of the contract and which was within the eighty-five per cent. limitation, it was *held* that the certificate was prima facie evidence that so much .of the work had been completed under the contract as to entitle plaintiff to payment of the amount for which it was issued, and together with evidence of nonpayment was sufficient to make out plaintiff's case.

3. WITNESSES, § 212*—*question not within direct examination.* Questions on cross-examination which are not within the scope of the direct examination are properly excluded.

4. APPEAL AND ERROR, § 1235*—*when acquiescence bars review.* Although under Practice Act, sec. 81 (J. & A. ¶ 8618), where a cause is brought up for review upon a stenographic report, it is not necessary to preserve an exception, still the record must show that the ruling complained of was an adverse one, hence cross-errors based upon instructions not to allow interest will not be considered where the attitude of counsel for the complaining party indicated acquiescence therein.